### GEISLER v. DAVID STEVENSON BREWING CO.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

TROVER AND CONVERSION—ACT OF LESSEE.

    Intestate having assigned a lease absolutely to defendant, defendant is
    not liable as for a conversion of personalty belonging to intestate and re-
    moved from the premises by defendant to its warehouse after intestate's
    death and before the appointment of an administrator, where on such

appointment defendant notified the administrator that it held the property subject to his order and afterwards urged him to remove it; it being immaterial that .the lease was originally assigned to defendant merely to secure a loan.

Appeal from Trial Term, New York County.

Action by Leopold Geisler, as administrator of Lizzie Butz, against the David Stevenson Brewing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Anson M. Beard, for appellant.
Edward A. Alexander, for respondent.

HOUGHTON, J. In 1902 one Andrew Butz executed and delivered to the defendant a chattel mortgage upon certain furniture and fixtures in a saloon conducted by him. The mortgage contained as part of the property pledged an assignment of the lease of the premises in which the business was being conducted. He died leaving a will, bequeathing all his property to plaintiff's intestate, his wife, and making her executrix. His will was duly probated, and letters testamentary were issued to her, and she continued the business, taking possession of the mortgaged property and leased premises. In 1903 she made an absolute assignment of the lease to defendant, but continued in possession until her death in 1904. At the time of her decease there was in the saloon certain property belonging to her not covered by the chattel mortgage. Between her death and the appointment of plaintiff as her administrator the defendant removed from the premises to its warehouse this property belonging to the intestate, and notified the plaintiff, shortly after his qualifying as administrator, that it had so done and that it held the property subject to his order. Defendant subsequently urged plaintiff to relieve it from the burden of further storage by taking it into his possession; but, instead of complying with such request, the plaintiff brought this action for conversion and has recovered a judgment, from which the defendant appeals.

The judgment must be reversed. No conversion was proved. Defendant had an absolute assignment of the lease of the premises in which it found the property belonging to plaintiff's intestate. It had the right, if it chose, to remove the property from these particular premises and store it in some proper place, subject to the plaintiff's order. The removal of the property did not constitute a conversion of it. There was no demand and refusal to deliver; but, on the contrary, there was a request to retake possession, which the plaintiff refused to do. It is no answer to defendant's legal position to say that originally the lease was held as security only. Plaintiff's intestate had chosen to make an absolute assignment of it. This gave to defendant. the right to occupy the premises, and if the plaintiff did not remove the property belonging to his intestate from defendant's premises it was the defendant's privilege to do so and to store it in some other place. Before plaintiff can assert that the defendant held the lease only as security, and in such manner as to give no right to possession

of the premises covered by it, he must by appropriate action set aside the absolute assignment which the defendant held. While that remained, the defendant had absolute right of possession, and, having such a right, it did nothing to make it liable for a conversion of the personal property which it found incumbering it.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.